[Civil No. 3735.   Filed October 13, 1936.]

[61 Pac. (2d) 390.]

P. H. BRADY and LEONARD PEMBERTON, Appellants, v. PATRICK BRADY, Appellee.

Mr. Louis L. Wallace and Mr. Carl D. Hammond, for Appellants.

Mr. V. P. Lucas and Mr. John A. Cronin, for Appellee.

ROSS, J.—This action was brought by Patrick Brady to establish a mining partnership, consisting of himself, P. H. Brady, his son, and Leonard Pemberton, in the operation of a lease on the Aztec Center lode mining claim, located in the San Francisco Mining District, Mohave County, Arizona, belonging to the Tom Reed Gold Mines Company, lessor, and to have declared the respective shares of the profits of the partners in said mining business.

It is alleged that the lease was from October 25, 1934. The lease, however, was dated November 9, 1934, and ran for one year from that date. It is further alleged that the lease was taken in the name of P. H. Brady for the use and benefit of the three of them; that the ore extracted was to be delivered to the lessor for treatment and reduction; that on January 5, 1935, a dispute arose as to the respective shares of the partners, and as a result thereof defendant P. H. Brady ordered plaintiff from the leased premises and thereafter refused to allow him to work in or about the premises; that the ore extracted at that time was of the approximate value of $12,000 and that 50 per cent. thereof belonged to the partnership, the rest being the lessor's royalty. It is alleged that the agreement among the partners was that plaintiff should receive three-eighths, P. H. Brady three-eighths, and Leonard Pemberton one-fourth of the receipts from the ore extracted, less the wages and other expenses incidental to the mining operations.

Appointment of a receiver is asked and that he be placed in charge of the lease and the operations thereunder; that the lessor be directed to pay over

to such receiver the proceeds now on hand or any other that may come into its hands in the future.

The lessor, Tom Reed Gold Mines Company, was made a defendant, but made no appearance by answer or otherwise.

The defendants in their answer deny that there was any partnership or that the agreement was that the profits would be divided three-eighths to plaintiff, three-eighths to P. H. Brady and two-eighths to Pemberton, or that plaintiff had been ordered from the leased premises, or that they had refused the plaintiff the right to work thereon, or that they had refused plaintiff "any share or interest in said lease or proceeds."

The case was tried before a jury, and sixteen special interrogatories covering the issues were answered by the jury favorably to the contentions of the plaintiff. The court also made findings of fact, which were mainly, if not wholly, an adoption of the jury's answers to special interrogatories. The court's judgment was:

" . . . that the interest of the respective partners in said mining partnership and lease, and the proceeds thereof is as follows:
"To Plaintiff, Patrick Brady, three-eighths,
"To Defendant, P. H. Brady, three-eighths, and
"To Defendant, Leonard Pemberton, one-fourth.
"That C. L. Cornwall, Clerk of the Superior Court, Mohave County, Arizona, pay to Patrick Brady, plaintiff, the sum of Six Hundred Twenty and Sixty-nine hundredths ($620.69) Dollars, heretofore deposited with said clerk by stipulation of the parties hereto, to abide the outcome of said case."

No receiver was appointed and no order made as to the disposition of the partnership receipts from ores.

As to why the court did not enter judgment in favor of plaintiff for three-eighths of the money on hand, after deducting expenses, and three-eighths of any future earnings, less the expense of mining, we do not understand. All the court has done is to declare the status of the parties with relation to the lease and their respective interests. No consequential relief is given. If it were not for our declaratory judgment statute (sections 4385–4390, Rev. Code 1928), we do not think we would have jurisdiction to hear this appeal; there being no final judgment. The court having declared the status of the parties and their respective rights, the statute allows the appeal as if a final judgment had been entered. Section 4385, *supra.*

■ One complaint is that the court erred in submitting certain special interrogatories to the jury because they were not single and capable of being answered by yes or no as required by the statute (section 3829, Id.). We have examined such interrogatories and find that they were not clearly single but hardly misleading. At all events, this being an equity case, the jury's answers were only advisory. If the court was bound by the jury's answers, it would be different. However, the court may disregard or adopt, as it concludes is right, the jury's answers. *Stephens* v. *White,* 46 Ariz. 426, 51 Pac. (2d) 921.

■ It is also contended that the evidence does not show a mining partnership. The evidence is so overwhelmingly the other way that we pass this contention with the statement that defendants testified that the profits from the mining operations were to be divided, and we think their answer admits this much. The only conflict in the evidence is as to their respective shares of the profits, and as to

whether or not the plaintiff was refused permission to work on the leased property, the defendant P. H. Brady, who the plaintiff says ordered him from the mine, flatly denying that he had done so.

There were four witnesses, P. H. Brady and his wife and Leonard Pemberton and his wife, who testified that the agreement was that the profits should be divided one-half to P. H. Brady and one-fourth each to the other partners after deducting the expenses. As against this testimony, the plaintiff testified that the profits were to be divided three-eighths to himself, three-eighths to his son P. H. Brady, and two-eighths or one-fourth to Pemberton. The jury found that the division was to be as the plaintiff testified, and the court also found that under the evidence that was the correct division. Under the rule we have uniformly followed, the weight and credibility of the evidence is a matter for the determination of the jury or the court, and we will not disturb the trier's decision if there is substantial evidence to support it. While in this case the triers accepted the statement of one as against four, they had the right and power to do so and we may not set aside that decision.

Defendants, however, contend that the agreement or understanding to which plaintiff testified was one, according to his own statement, between him and P. H. Brady and that there was no evidence that Pemberton gave his consent to or knew of such agreement. But if that be true it gives rise to no conflict because all of the witnesses testified that Pemberton's share was one-fourth, and that is what plaintiff said he and P. H. Brady agreed it should be.

The evidence is that plaintiff Patrick Brady worked continuously in the mine from about October 1, 1934, until January 5, 1935, when he ceased to

work because of a quarrel between himself and his son P. H. Brady; he stating that his son had ordered him to stay away from the mine and that rather than have trouble he had done as requested. P. H. Brady denies that he ordered his father from the mine, but that on the contrary he tried to persuade him to remain. The finding is in favor of the father on this dispute and, for the reasons given above, we feel that we are bound by that finding.

■ It will be noticed that the court's judgment does not mention the expenses in connection with the extraction of ore. The evidence is that the expenses, including wages, materials, etc., should be deducted from the gross receipts and the balance divided. The contract contemplated that the plaintiff and Pemberton should work continuously in the mine during the life of the lease, and since the plaintiff ceased doing his part of the agreement on the 5th of January, 1935, we think if any profits were thereafter made his three-eighths should be charged with the expenses incurred by reason of his not being at work at the mine.

We have carefully considered the assignments of error and have come to the conclusion that the judgment should be affirmed. It is so ordered.

LOCKWOOD, C. J., and McALISTER, J., concur.